**James HANSLOVAN and Velma Hanslovan, his wife, Plaintiffs,**

v.

**PENNSYLVANIA MINES CORPORATION and Pennsylvania Power and Light, Defendants.**

**Civ. A. No. 83–767.**

United States District Court,
W.D. Pennsylvania.

March 12, 1985.

---

Daniel W. Ernsberger, Pittsburgh, Pa., for plaintiffs.

David J. Laurent, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

This age discrimination case was tried before a jury on December 7, 1984 resulting in a plaintiff's verdict. It is now before the court on defendant Pennsylvania Mines Corporation's (PMC) motion for judgment notwithstanding the verdict.[1] The motion has been fully briefed by the parties.

Under Fed.R.Civ.P. 50(b) a judgment notwithstanding the verdict may be granted:

> "... 'only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.' Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 101 (3d Cir.1977). In considering a motion for judgment n.o.v., the court 'must expose the evidence to the strongest light favorable to the party against whom the motion is made and give him the advantage of every fair and reasonable inference.' Inventive Music Ltd. v. Cohen, 617 F.2d 29, 31 (3d Cir. 1980)." (emphasis added).

Danny Kresky Enterprises Corporation v. Magid, 716 F.2d 206, 209 (3d Cir.1983). To establish a claim for age discrimination, the plaintiff must prove that age was a determining factor in the decision to discharge him. Smithers v. Bailar, 629 F.2d 892, 897 (3d Cir.1980); Berkowitz v. Allied Stores of Penn-Ohio, Inc., 541 F.Supp. 1209, 1217 (E.D.Pa.1982). The order of proof in this ADEA case, according to McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), requires that the plaintiff initially establish a prima facie case of age discrimination by producing evidence which shows that (1) he was within the protected age group, (2) he was qualified for the job he held, (3) he was discharged and, (4) the

---

1. During the trial, this court granted a directed verdict in favor of Pennsylvania Power and Light Company. The court declined to rule on the motion for directed verdict made by Pennsylvania Mines Corporation at that time, but took it under advisement.

position was filled with a younger employee or employees. Proof of these facts raise a rebuttable presumption of discrimination which defendant may counter by presenting a legitimate, non-discriminatory reason for the employment action. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

PMC admits that plaintiff established a prima facie case, but maintains that it produced overwhelming evidence showing that it had a legitimate, non-discriminatory reason for discharging plaintiff and that plaintiff failed to produce evidence from which the jury could reasonably have concluded that PMC's stated reason was a pretext. However, plaintiff here was not satisfied with relying on the presumption and had attempted to introduce evidence in his affirmative case of a pattern of age discrimination. This court concludes that in addition to its evidence rebutting the presumption of discrimination, the defendant completely rebutted plaintiff's case of a pattern of discrimination by thoroughly overwhelming evidence to the contrary.

During the trial, PMC maintained that it discharged plaintiff because it reasonably believed that he had misused and abused his position as Superintendent of Lady Jane Collieries. By providing evidence of a legitimate, non-discriminatory reason for plaintiff's discharge, defendant PMC dispelled the presumption of age discrimination and satisfied its burden of production. Plaintiff always had the burden of proving that age was a determining factor in his discharge by a preponderance of the evidence. *Smith v. Flax,* 618 F.2d 1062 (4th Cir.1980). Upon the defendant's production of evidence, the burden of going forward shifts back to plaintiff to show that defendant's reasons for discharge are a sham.

We find that defendant gave strong and convincing evidence that the reason for plaintiff's termination was based on multiple acts of misconduct in which he used his position to secure kickbacks from defendant's suppliers and abused company funds. Plaintiff failed to rebut these allegations, claiming instead there was a conspiracy against him. Plaintiff's additional evidence of alleged age discrimination was circumstantial and was directly contradicted and overwhelmingly rebutted by defendant's evidence. We note that an employer is entitled to make his own business judgments and may fire even an adequate employee as long as this is not motivated by age discrimination. Thus the jury in an age discrimination action must focus on an employer's motivation and not on its business judgment. *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979). Since none of the evidence produced at trial reasonably suggests that defendant PMC was motivated by age discrimination when it decided to discharge plaintiff, the jury could not reasonably have found that age discrimination was a determinative factor in plaintiff's discharge. The jury verdict went against the overwhelming weight of evidence in favor of defendant. Therefore, a judgment notwithstanding the verdict must be entered in favor of PMC.